UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

LISETTE D. MUNTSLAG,

                Plaintiff,

v.

N.V. BEERENS, ERWIN BEERENS,
KOEN VAN DEN BERGH, BRUNEEL
& VERMEULEN and GREGORY BRUNEEL,

                Defendants.

-------------------------------------------------------------X

12-cv-07168 (TPG)

OPINION

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-26-13

*Pro se* plaintiff, Lissette Muntslag, brings this action against defendants, N.V. Beerens, Erwin Beerens, Koen Van den Bergh, Bruneel & Vermeulen, and Gregory Bruneel, invoking subject matter jurisdiction under the Alien Tort Claims Act, 28 U.S.C. § 1350 ("the ATS").

Defendants move to dismiss the complaint, arguing that the court lacks jurisdiction over this action, that plaintiff's claim is not properly brought under the ATS, and that plaintiff has failed to allege any facts constituting any claim against defendants.

Defendants' motion to dismiss is granted.

# DISCUSSION

Plaintiff is a Dutch national now living in New York. Defendants N.V. Beerens is a car dealership based in Antwerp, Belgium. Erwin Beerens is the alleged principle of N.V. Beerens and a Belgian National. N.V. Beerens' general manager is Koen Van den Bergh, a Belgian national as well.

Dismissal of a complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) is proper only where plaintiff has not alleged "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 554, 570 (2007). The test is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims. See Chance v. Armstrong, 143 F.3d 698, 701 (2d Cir.1998). In reviewing a Rule 12(b)(6) motion, the court must accept the factual allegations in the complaint as true, and all reasonable inferences are drawn in the plaintiff's favor. See EEOC v. Staten Island Sav. Bank, 207 F.3d 144 (2d Cir.2000); see also Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); *Krimstock v. Kelly,* 306 F.3d 40, 47-48 (2d Cir.2002). A court does not, however, have to accept as true "conclusions of law or unwarranted deductions of fact." First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir.1994), cert. denied, 513 U.S. 1079 (1995) (citations omitted).

Generally, a *pro se* complaint is reviewed under a more lenient standard than that applied to "formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Bodie v. Schnieder, 105 F.3d 857, 860 (2d Cir.1997). Plaintiffs *pro se* pleadings "must be read liberally and should be interpreted 'to raise the

2 | Page

strongest arguments that they suggest.' " Graham v. Henderson, 89 F.3d 75, 79 (2d Cir.1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994)). Nonetheless, "[t]o survive dismissal, plaintiff must provide the grounds upon which her claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" ATSI Commc'ns, Inc. V. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007) (quoting Twombly, 550 U.S. at 555) (footnote omitted). She must do more than plead mere "[c]onclusory allegations or legal conclusions masquerading as factual conclusions[,]" Gebhardt v. Allspect, Inc., 96 F.Supp.2d 331, 333 (S.D.N.Y.2000).

The facts of this case are substantially similar to those in Muntslag v. D'Ieteren, S.A., 12-CV-07038 TPG, 2013 WL 2150686 (S.D.N.Y. May 17, 2013), in which the court dismissed plaintiffs' related complaint.

In March of 2011, plaintiff's daughter, Nathalie Muntslag, through her corporation, "Exciting in Concepts," ordered a customized 2011 Audi A5 through a Belgian dealership, Beerens. Beerens placed the order through D'Ieteren, a local Audi importer. The car's details were tailored to Nathalie's preferences—in particular, the Audi was to have a unique, "Baby Pink" interior. Plaintiff does not indicate where delivery was to take place.

Later that year, Nathalie, upon receiving notification that her car would be ready for delivery in September 2011, attempted to cancel the order to obtain a 2012 Audi A5 model instead. Beerens, through its manager Koen Van den Bergh, consequently asked D'Ieteren to inquire into whether it would be possible to withdraw the 2011 model order. D'Ieteren advised Beerens that cancellation would not be possible because the 2011 model

was already in production. Beerens told Nathalie that she had to take delivery of the car. She refused to do so.

As a result of these events, plaintiff, Nathalie's mother, published a website on the internet with the domain name: www.dieterensucks.com. She did this, apparently, to convey her and her daughter's grievances with Volkswagen, Beerens, and D'Ieteren. Counsel for defendants requested plaintiff to cease the criticism on the *dieterensucks* website, which was widely available to the public. Plaintiff refused. D'Ieteren therefore brought a trademark infringement action against plaintiff in Brussels, which ultimately resulted in a favorable judgment for D'Ieteren. D'Ieteren filed a similar action with the World Intellectual Property Organization as well.

As a consequence of these legal actions abroad, plaintiff claims that a conspiracy exists among defendants and Beerens, their Belgian counsel, and the judges who have ruled against plaintiff or her daughter. She alleges that the conspiracy violates her freedom of speech and freedom of thought in violation of Article 19 of the International Declaration of Human Rights and under the First Amendment of the United States Constitution. She further contends that she does not have the funds to hire an attorney for purposes of litigating her cases abroad and that the defendant's actions will bring her and her daughter to financial ruin. Moreover, she claims that her own well-being is being put at risk by the defendants because she is reliving the "tortuous experience" that she suffered at the hands of the people of Amsterdam when she was forced to flee the country years ago. She also alleges that the ordeal is exacerbating her post-traumatic stress disorder and the related conditions, including headaches and flashbacks.

Plaintiff demands $85,000 in punitive and other damages for intentional and negligent infliction of emotional distress and pain and suffering, which allegedly resulted from the legal proceedings in Europe.

The threshold inquiry in this matter is whether the court has subject matter jurisdiction over this action.

Fed.R.Civ.P. 12(b)(1) permits a federal court to dismiss an action for lack of subject matter jurisdiction. On its face, the ATS grants federal district courts subject matter jurisdiction over claims "by an alien for a tort only committed in violation of the law of nations or a treaty of the United States." 28 U.S.C. § 1350 .27.

Here, as in the related action, plaintiff's sole basis for subject matter jurisdiction in this case rests upon that which is claimed to be conferred by the ATS. However, the Supreme Court recently held that the ATS does not provide the federal courts of the United States with subject matter jurisdiction over torts that occur outside of the United States. Kiobel v. Royal Dutch Petroleum Co., 133 S.Ct. 1659, 1669 (2013). Simply put, the conduct plaintiff alleges clearly occurred overseas and it is therefore not covered by the ATS.

Defendants' motion to dismiss is therefore granted.

This will resolve docket item numbers 10, 11, and 13.

Dated: New York, New York
August 26, 2013

*[signature]*

Thomas P. Griesa, U.S.D.J.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8-26-13
```